# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1301V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| JOYCE POPWELL, | |
| Petitioner, | Special Master Katherine E. Oler |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: April 23, 2024 |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

*Louis McFadden*, McFadden Law Firm, Northfield, NJ, for Petitioner
*Mark Hellie*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

On September 21, 2017, Joyce Popwell ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). ECF No. 1 ("Pet."). The petition alleges Petitioner developed injuries including bursitis of her left shoulder and a low-grade partial anterior supraspinatus tear as a result of pneumococcal 23-valent (influenza) vaccine she received on September 24, 2015. Pet. at 1. Petitioner filed an amended petition January 4, 2018 to clarify "that it is the seasonal

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

influenza vaccination [] that Petitioner received on that date in her left shoulder that forms the basis for this Petition." Amended Pet. at 1. Petitioner was awarded $30,000.00 for pain and suffering. ECF No. 78 (hereinafter "Stipulation Decision") at 2.

Petitioner filed a motion for final attorneys' fees and costs on July 11, 2023, requesting a total of $53,776.89. ECF No. 81 (hereinafter "Fees Application"). Respondent responded to the motion on July 24, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the Court "exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 82 ("Fees Resp.") at 2, 3. Petitioner file a reply on July 25, 2023. ECF No. 83.

I hereby **GRANT IN PART** Petitioner's application and award a total of **$51,049.89** in attorneys' fees and costs.

### I.      Legal Standard

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, the undersigned finds that the claim possessed good faith and reasonable basis while it was pending before the Court and notes that Respondent has also indicated in his response that he is satisfied both have been met as well. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

#### A.      Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed

he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that her claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### B. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *6-7 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Instead, the claim must be supported by objective evidence. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius*, 984 F.3d at 1380 (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis.").

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the

3

medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II.     Discussion

### A.  Good Faith and Reasonable Basis

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp. at 2-4. I find that the petition was filed in good faith.

With regard to reasonable basis, Petitioner received a stipulated award of $30,000.00 for her pain and suffering. Because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

### B.  Attorneys' Fees

Petitioner retained Mr. Louis McFadden to represent her in this matter. *See* Fees App. Petitioner requests a total of $51,282.00 in attorneys' fees. *Id.* at 1.

1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

---

[3] The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The 2020 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202020.PPI_OL.pdf.
The 2021 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2021-PPI-OL.pdf.
The 2022 Fee Schedule can be accessed at: https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%

Petitioner requests compensation for her attorney, Mr. McFadden, at the following hourly rates: $400.00 per hour for work performed in 2017; $425.00 per hour for work performed in 2018; $450.00 per hour for work performed in 2019; $450.00 per hour for work performed in 2020; $455.00 per hour for work performed in 2021; $470.00 per hour for work performed in 2022; and $495.00 per hour for work performed in 2023. Fees App., Counsel Aff. at 6.

This is Mr. McFadden's first award of attorney's fees and costs in the Vaccine Program, therefore his hourly rate has not been set. Because this is Mr. McFadden's first hourly rate determination, a discussion of whether he should be awarded forum or locality rates is warranted.

Mr. McFadden's law firm is located in Northfield, New Jersey, which is close to Atlantic City, New Jersey. Another practitioner in the Vaccine Program, Ms. Phyllis Widman, also has her law firm located in Northfield, New Jersey. Special masters have previously determined that Ms. Widman is entitled to in-forum rates when her law firm was located in Ocean City, New Jersey. *See Lewis v. Sec'y of Health & Hum. Servs.*, No. 15-941V, 2016 WL 5920739, at *5 (Fed. Cl. Spec. Mstr. Sept. 15, 2016); *see also Maxwell v. Sec'y of Health & Hum. Servs.*, No. 16-827V, 2018 WL 5095119 at *2 (Fed. Cl. Spec. Mstr. Sep. 17, 2018). Ms. Widman has since relocated her firm to Northfield, New Jersey and has continued to be awarded forum rates. *See, e.g., McDonald v. Sec'y of Health & Hum. Servs.*, No. 15-612V, 2023 WL 6620307 at *4 (Fed. Cl. Spec. Mstr. Sep. 12, 2023); *Clark v. Sec'y of Health & Hum. Servs.*, No. 17-1553V, 2023 WL 2319374 (Fed. Cl. Spec. Mstr. Feb. 9, 2023). I do not disturb the previous determinations that Northfield, New Jersey is in forum.

I next discuss Mr. McFadden's experience. Mr. McFadden graduated from Washington and Lee University Law School in 1979. Fees App., Counsel Aff. at 2. Mr. McFadden was admitted to the Virginia Bar in 1981, New Jersey Bar in 1986, and the U.S. Court of Federal Claims in 2015. *Id.* Since 1986, Mr. McFadden has practiced primarily as a personal injury lawyer, opening his own firm in 1988. *Id.* at 3. Mr. McFadden confirmed that "This Court has not yet considered or approved a fee application or hourly rate for [his] services in the Vaccine Program." *Id.* at 2.

In considering all the information provided, and the standard set forth in *McCulloch*, an adjustment to Mr. McFadden's requested hourly rates is appropriate. *McCulloch* established the following factors in deciding a reasonable hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large. 2015 WL 5634323, at *17. Mr. McFadden has practiced law for over 40 years, however he has limited Vaccine Program experience.[4] Thus, his hourly rates should be slightly

---

27-Forum-Rate-Fee-Schedule-2022-%28Final%29.pdf.
The 2023 Fee Schedule can be accessed at: https://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2023.pdf
The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

[4] Although Mr. McFadden claims almost eight years of experience in the Program, this case is Mr. McFadden's first vaccine case. Fees App. at 3. He is attorney of record in two additional cases, filed in 2018 and 2020.

lower in 2018-2020, coinciding with his overall experience. I list below the range of hourly rates for attorneys with 31+ years of experience from the OSM Fee Schedule:

    2016: $385 - $430
    2017: $394 - $440
    2018: $407 - $455
    2019: $415 - $464
    2020: $433 - $484
    2021: $455 - $509
    2022: $470 - $525
    2023: $495 - $553

Mr. McFadden's requested rates for work performed in 2018 through 2020 are too high, and thus need to be reduced. *See* Rates Status Report, filed Jan. 9, 2024, ECF No. 84.[5]

Although he has limited experience in the program, Mr. McFadden achieved a favorable result for his client, despite a number of challenges. *See* Fees App., Counsel Aff. at 4 (detailing how Petitioner moved a number of times during litigation, had no means to email, and was only able to communicate via text). In addition, as of 2016, Mr. McFadden had 35 years of legal experience, which is above minimum for the billing range of 31+ years. Accordingly, I set the following hourly rates: $385 per hour for work performed in 2016; $400.00 per hour for work performed in 2017; $410.00 per hour for work performed in 2018; $420.00 per hour for work performed in 2019; $440.00 per hour for work performed in 2020; $455.00 per hour for work performed in 2021; $470.00 per hour for work performed in 2022; and $495.00 per hour for work performed in 2023.

    2. <u>Hours Reasonably Expended</u>

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). However, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum.*

---

[5] Additionally, the billing records reveal that Mr. McFadden billed two hours of time for work performed in 2016, that he appears to have been included in his 2017 total. Fees App., Ex. A at 1. Mr. McFadden also slightly miscalculated his hours in 2016-2017, 2019, and 2021, resulting in slight underbilling. *Compare* Fees App., Ex. A *with* Rates Status Report, ECF No. 84-1 (detailing hourly rates and fees totals for each year).

*Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd* No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may look to their experience and judgment to reduce an award of fees and costs to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). It is within a special master's discretion to instead make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

Petitioner's counsel has provided a breakdown of hours billed and costs incurred. Fees App., Ex. A. I find the hours to be largely reasonable, however I note that Mr. McFadden has a number of entries that constitute block billing. Block-billing, or billing large amounts of time without sufficient detail as to which tasks were performed, is disfavored. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 2008 WL 5456319, at **4–5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees and criticizing her for block-billing); *see also Jeffries v. Sec'y of Health & Hum. Servs.*, 2006 WL 3903710, at *9 (Fed Cl. Spec. Mstr. Dec. 15, 2006). Indeed, the Vaccine Program's Guidelines for Practice state, "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request."[6] Mr. McFadden is cautioned that block-billed time may not be compensated in his future motions for attorneys' fees, and he should avoid lumping large of amounts of time together without adequate detail as to the specific tasks performed. No deductions for block billing will be made in this instance.

However, I also find the time billed for three tasks to be excessive. On two occasions in 2018, Mr. McFadden billed excessive time to review basic orders requiring cursory review (2.5 and 3.0 hours). Fees App., Ex. A at 2 (entries dated 2/21/2018 and 3/19/2018). At most, these tasks should have taken 0.2 and 0.3 hours. I therefore will reduce the amount of time billed in 2018 by 5.0 hours.

As a result, I award Petitioner a total of **$48,555.00** in attorneys' fees.[7]

---

[6] Guidelines for Practice Under the National Vaccine Injury Compensation Program ("Guidelines for Practice") at 68 (revised March 11, 2024) found at http://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf (Section X, Chapter 3, Part B(a)(b)).

[7] This amount is calculated as follows: $385 x 2.0 hrs. + $400 x 10.0 hrs. + $410 x 26.7 hrs. + $420 x 16.9 hrs. + $440 x 10.3 hrs. + $455 x 26.0 hrs. + $470 x 9.0 hrs. + $495 x 10.4 hrs. = $48,555.00.

7

### C. Reasonable Costs

Petitioner requests a total of $2,494.89 in attorneys' costs: $1,909.91 for medical record requests; $88.68 for mailing costs; $96.30 for scanning Petitioner's medical records onto a USB flash drive via FedEx; and $400.00 for the Court's filing fee. Petitioner provided documentation for all of these expenses. *See* Fees App., Ex. B. I find the costs for these items reasonable, and award them in full.

I award Petitioner a total of **$2,494.89** in attorneys' costs.

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

- A lump sum in the amount of **$51,049.89**, representing reimbursement of Petitioner's attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, Mr. Louis McFadden.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.